

Judge Barbara Jacobs Rothstein

CR 02-00283 #00000023

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>       v.<br><br>EARNEST JAMES UJAAMA,<br><br>    Defendant. | NO. CR02-0283R<br><br>GOVERNMENT'S MEMORANDUM IN SUPPORT OF DETENTION |

Comes now the United States of America, by and through John McKay, United States Attorney for the Western District of Washington, Andrew R. Hamilton and Todd Greenberg, Assistant United States Attorneys for said District, and George Z. Toscas, Trial Attorney for the Department of Justice, and respectfully submit this memorandum in response to the defendant's motion seeking revocation of Magistrate Judge Weinberg's detention order.

A statement of the factual and procedural background of this case, and a list of the factors presented to Magistrate Judge Weinberg by the Government in its proffer at the detention hearing, have already been presented to the Court in the Government's response to the defendant's emergency motion seeking to alter the conditions of his release.

1. <u>Defendant's Request for an Evidentiary Hearing</u>:

Relying upon the case of <u>United States v. Koenig</u>, 912 F.2d 1190 (9th Cir. 1990), the defendant has requested the Court to hold an evidentiary hearing and to require the

GOVERNMENT'S MEMORANDUM IN
SUPPORT OF DETENTION/UJAAMA— 1

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  Government to present witnesses and produce evidence justifying his detention. The
2  Government respectfully asks that this request be denied.
3        In Koenig, the Ninth Circuit held that when reviewing the propriety of a detention order,
4  a district court is to make its own *de novo* review of the facts presented at the detention hearing.
5  United States v. Koenig, 912 F.2d 1190, 1192-93 (9th Cir. 1990). In such a review, the district
6  court should examine the evidence that was presented to the magistrate judge and make its own
7  independent determination of whether the magistrate judge's findings are correct. Id.
8        This independent review does not require an evidentiary hearing: "Even under the
9  proper *de novo* review, the district court, while empowered to do so, is not required to hold an
10 evidentiary hearing when no evidence is offered that was not before the magistrate." Koenig at
11 1193. When considering an appeal of a detention order, a district court has the discretion to
12 "start over from scratch" -- or instead adopt the record of the proceedings conducted by the
13 magistrate judge. United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. An. 2002). This is a
14 decision that is entrusted to the sound discretion of the district court. Id. The Government
15 does not intend to introduce any additional evidence on the issue of detention, and will rely
16 upon the record already presented to Magistrate Judge Weinberg.
17       Even though the ultimate determination of the propriety of detention is to be decided
18 without deference to the magistrate judge's ultimate conclusion, the Court is not required to
19 start over and proceed as if the magistrate judge's decision and findings had never existed.
20 Koenig at 1192-93. The Court is not required to operate in a vacuum. Magistrate Judge
21 Weinberg is one of the most experienced magistrate judges in the entire country. He has
22 always been demanding and precise in the conduct of his hearings, and has been liberal in his
23 decisions favoring release over detention. His findings and conclusions in regard to the issue
24 of the defendant's detention are extremely persuasive. While the Court is instructed not to
25 review Magistrate Weinberg's decision under the "clearly erroneous" standard or any other
26 standard of deference, it is also very clear that the Court is not required to ignore this decision
27 either.
28

GOVERNMENT'S MEMORANDUM IN
SUPPORT OF DETENTION/UJAAMA— 2

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1    There is no dispute over the truth of the factual representations made by the Government
2    in its proffer to Magistrate Judge Weinberg. The defendant has not claimed that those facts
3    were false or inaccurate in any way. What is disputed by the defendant is the determination by
4    the magistrate judge that the defendant poses a risk of flight and a risk of danger to the
5    community. What is disputed by the defendant is the conclusion of the magistrate judge that
6    the defendant should be detained pending trial. Such disputes do not require a new evidentiary
7    hearing.

8    In his motion to revoke the order of detention, the defendant has made a general
9    statement that he now disputes the Government's proffer. This blanket statement is insufficient
10   to require an evidentiary hearing. There is no indication from the defendant which of the facts
11   presented by the Government were inaccurate or false. See United States v. Cardenas, 784
12   F.2d 937, 938 (9th Cir. 1986) (once the defendant asserted that certain proffered information at
13   detention hearing was incorrect, the magistrate judge decided to hear live testimony concerning
14   the alleged false information).

15   At a detention hearing, the defendant is not entitled to test the credibility of the
16   Government's sources, to conduct a mini-trial on the merits of the case, or to use the detention
17   hearing as a tool to seek additional discovery. See United States v. Smith, 79 F.3d 1208, 1209
18   (D.C. Cir. 1996) ( pretrial detention hearing should never be a discovery device for the defense
19   or a trial on the merits); United States v. Cheeky, 814 F. Supp.1430, 1437 (D. Alaska 1992),
20   aff'd, 36 F.3d 1439 (9th Cir. 1994) (*de novo* review does not mean that the Court must hold a
21   new hearing to evaluate credibility disputes or to grant further argument).

22   The Government requests that the defendant's motion for a new evidentiary hearing be
23   denied. While this Court has the discretion to require the parties to present evidence in the
24   context of an evidentiary hearing, it also has the discretion not to require such a hearing.

25   2. The Government's Proffer to the Magistrate Judge:

26   The defendant has contended that his constitutional right to due process was violated by
27   the Government when it presented evidence to Magistrate Judge Weinberg in the form of a
28   proffer. The Government disagrees with this contention.

GOVERNMENT'S MEMORANDUM IN
SUPPORT OF DETENTION/UJAAMA— 3

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1   The case law is exceedingly clear that the Government may proceed in a detention
2   hearing by making a proffer of the facts it intends to rely upon. <u>United States v. Winsor</u>, 785
3   F.2d 755, 756 (9th Cir. 1986). Virtually every circuit that has considered this matter has
4   permitted the Government to proceed by way of proffer at a detention hearing. <u>See: United</u>
5   <u>States v. Alcevedo-Ramos</u>, 755 F.2d 203, 206-07 (1st Cir. 1985); <u>United States v. Martir</u>, 782
6   F.2d 1141, 1145 (2nd Cir. 1986); <u>United States v. Delker</u>, 757 F.2d 1390, 1395-96 (3rd Cir.
7   1985); <u>United States v. Gaviria</u>, 828 F.2d 667, 669 (11th Cir. 1987); and <u>United States v.</u>
8   <u>Smith</u>, 79 F.3d 1209 (D.C. Cir. 1996).

9   Bail hearings under the Bail Reform Act, which frequently result in the detention of an
10  accused, *"proceed primarily by way of a proffer."* <u>United States v. Gaviria</u>, 828 F.2d 667, 669
11  (11th Cir. 1987)(emphasis added). A detention hearing is not to serve as a mini-trial or a
12  discovery tool for the defendant. <u>United States v. Contreras</u>, 776 F.2d 51, 55 (2nd Cir. 1985).
13  For this reason, a Government proffer need not always spell out in precise detail how the
14  government will prove its case at trial, nor specify exactly what sources it will use. <u>United</u>
15  <u>States v. Martir</u>, 782 F.2d 1141, 1145 (2nd Cir. 1986). In those cases where the accuracy of
16  certain facts contained in the proffer are in question, the district court has the discretion to ask
17  for production of the underlying evidence or evidentiary sources on that point. <u>Id.</u>

18  The Government's election to proceed by way of proffer in the detention hearing before
19  Magistrate Judge Weinberg was a proper and legitimate manner in which to present facts
20  regarding the issue of detention, and the defendant's constitutional rights were not violated
21  through the use of this established practice.

22  3. <u>The Magistrate Judge's Review of In Camera Materials</u>:

23  Prior to the commencement of the detention hearing, Magistrate Judge Weinberg
24  indicated he had reviewed certain applications submitted by the Government in the course of the
25  investigation. The defendant contends that this review violated his constitutional rights and he
26  asks that Magistrate Judge Weinberg's detention order be revoked. The Government disagrees
27  with the defendant's contention.

28

GOVERNMENT'S MEMORANDUM IN
SUPPORT OF DETENTION/UJAAMA— 4

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1   There is nothing improper about a magistrate judge reviewing judicial source material,
2   such as prior applications for search warrants, to gain background information before a hearing.
3   United States v. Bailey, 175 F.3d 966, 969 (11th Cir. 1999) (Recusal of trial judge not required
4   when judge gained knowledge of disputed evidentiary facts through judicial sources.)
5   While it would have been improper for the magistrate judge to consider these sealed
6   materials for the purpose of imposing detention at the hearing, United States v. Accetturo, 783
7   F.2d 382 (3rd Cir. 1986), that did not happen in this case. Magistrate Judge Weinberg
8   specifically stated on the record that he would not consider these materials in any way unless the
9   Government included them in its proffer. (Transcript of hearing, pp 7-8). The sealed search
10  warrant applications played no factor in his decision to detain the defendant. The law presumes
11  a judge will disregard evidence and arguments that have been stricken or are improper.
12  Satterfield v. Zahradnick, 572 F.2d 443, 446 (4th Cir. 1978), cert. denied, 436 U.S. 920 (1978).
13  The sealed materials that are the subject of this argument have been provided by the
14  Government to defense counsel. Because the magistrate judge did not consider these materials
15  in making his decision to order detention, the defendant's argument of constitutional error is
16  invalid.
17  4. Prior Detention Hearings:
18  On July 22, 2002, the defendant was arrested in Denver, Colorado, on a material witness
19  warrant issued by the Eastern District of Virginia. The defendant stated in his motion to this
20  Court that the magistrate judge in the District of Colorado indicated he was considering release
21  of the defendant on conditions of electronic home monitoring and the posting of property.
22  Because of his "no fly" status, the defendant withdrew his request for release on conditions and
23  agreed to be transported to the Eastern District of Virginia by the U.S. Marshal's Service. What
24  the defendant has not indicated in his motion is what happened once he arrived in Alexandria,
25  Virginia.
26  At his detention hearing in the Eastern District of Virginia, the defendant made the same
27  request for release from confinement that he made to the magistrate judge in Denver. During
28  this detention hearing, the Government proceeded by way of proffer. At the conclusion of the

GOVERNMENT'S MEMORANDUM IN
SUPPORT OF DETENTION/UJAAMA— 5

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

hearing, the magistrate judge ordered the defendant detained, finding that he posed both a risk of flight and danger. This order was appealed to the district court. After making a *de novo* review of the record of the detention hearing, and without the taking of any evidence, the district court upheld the order of detention.

At that time, the defendant was merely a material witness in an investigation of suspected criminal activity occurring in the Eastern part of the United States. He had not yet been indicted by a grand jury, and he did not yet face criminal charges carrying a significant mandatory term of imprisonment upon conviction. The magistrate judge and the district court judge in Alexandria, Virginia, were correct in their decision to detain the defendant. While their decisions are not entitled to any standard of deference by this Court, they nevertheless are persuasive factors for this Court's consideration.

Furthermore, because the defendant has been indicted in Count 2 of the Indictment with the offense of use of a firearm in violation of Title 18, United States Code, Section 924(c), there is a rebuttable presumption that no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. Title 18, United States Code, Section 3142(e).

At the detention hearing before Magistrate Judge Weinberg, the defendant presented numerous documents and records to rebut this presumption. However, even when a defendant presents significant evidence to rebut this statutory presumption, the effect of the presumption is not eliminated or erased. United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). The rebutted presumption remains in the case as an evidentiary finding militating against release, to be weighed along with the other evidence presented at the hearing. King at 488, quoting United States v. Portes, 786 F.2d 758, 764 (7th Cir. 1985).

5. Risk of Flight and Danger:

The defendant poses a substantial risk of flight and danger in this case. The facts that support this conclusion are overwhelming. The defendant's home and immediate family are in London, England – which has been his home for the past five years. The defendant faces a substantial mandatory prison term upon conviction. He is a convicted felon and has a history of

GOVERNMENT'S MEMORANDUM IN
SUPPORT OF DETENTION/UJAAMA— 6

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

judicial nonappearances, including five outstanding warrants for his arrest. The defendant has no known source of income, is thousands of dollars in debt to the mother of his son for unpaid child support, and yet has traveled unencumbered all over the world. He has pledged a solemn oath of allegiance to Abu Hamza Al-Masri – one of the most notorious terrorists in the world – has worked for Abu Hamza Al-Masri at the Finsbury Park Mosque, and has facilitated Abu Hamza Al-Masri's call for a violent and deadly uprising of Muslims against the nations of the West. By his own admission, the defendant has personally attended an Al Qaeda-run training camp in Afghanistan.

At the detention hearing before Magistrate Judge Weinberg, defense counsel submitted numerous records and documents showing that the defendant was deeply involved in this community during the early 1990's. That record is silent after 1997, a period of time when the defendant traveled to England and fell under the dominion and control of Abu Hamza Al-Masri. The transformation of the defendant since 1997 is one of the profound tragedies of this case.

The defendant contends he is not a flight risk because he did not attempt to flee when he learned of the Government's investigation of him. The Government disagrees with this contention. By the time the defendant learned of this investigation, it was already too late. He was already under twenty-four hour surveillance by the FBI, a surveillance that he frequently observed. His ability to fly from the United States was curtailed by the "no fly" status that was entered. When the defendant traveled to the United States on this last trip, he never dreamed that he was under investigation or would be facing indictment. By the time he became aware of this, it was too late for him to abscond.

As was stated to Magistrate Judge Weinberg, the defendant poses a significant danger in this case through his ability and inclination to contact others dedicated to the overthrow of this country. This includes his three unindicted coconspirators who currently remain at large. In a society as technologically advanced as ours, the defendant will always have the ability to contact others who wish to harm this nation. Electronic home monitoring will not prevent this. The only condition that will ensure the defendant does not contact individuals like Abu Hamza Al-Masri during the pendency of his trial is that of detention.

GOVERNMENT'S MEMORANDUM IN
SUPPORT OF DETENTION/UJAAMA— 7

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

## 6. Conclusion:

For the foregoing reasons, the United States respectfully requests that the Court detain the defendant as a flight risk and danger to the community.

DATED this 28th day of October, 2002.

Respectfully submitted,

JOHN McKAY
United States Attorney

*/s/ Andrew R. Hamilton*
ANDREW R. HAMILTON
Assistant United States Attorney

*/s/ Todd Greenberg*
TODD GREENBERG
Assistant United States Attorney

*/s/ Andrew R. Hamilton /for*
GEORGE Z. TOSCAS
Trial Attorney, Department of Justice

GOVERNMENT'S MEMORANDUM IN
SUPPORT OF DETENTION/UJAAMA— 8

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970