Judge Barbara Jacobs Rothstein

CR 02 00283 #00000075

APR 1 4 2003

CLERK US DISTRICT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>         v<br><br>EARNEST JAMES UJAAMA,<br><br>              Defendant. | NO.  CR02-0283R<br><br>PLEA AGREEMENT<br><br>[REDACTED] |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, Andrew R. Hamilton and Todd Greenberg, Assistant United States Attorneys for said District, and George Z. Toscas, Trial Attorney for the Department of Justice (collectively, "the Government"); and the defendant, EARNEST JAMES UJAAMA, and his attorneys, Peter Offenbecher and Robert S Mahler, enter into the following Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)

1      Waiver of Indictment  Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in a Superseding Information

2.      The Charge.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Superseding Information  Conspiracy to Violate the International Emergency Economic Powers Act, Title 50, United States Code, Section 1705(b) and Title 31, Code of Federal Regulations, Sections 545 204 and 545 206(b)  By entering this plea

1  of guilty, Defendant hereby waives all objections to the charging document, including but
2  not limited to any objection to venue. Defendant admits that he is pleading guilty because
3  he is in fact guilty of the crime charged.

4      3      Elements of the Offense. The elements of the offense charged in the
5  Superseding Information are as follows: (1) Two or more persons agreed to try to
6  accomplish a common and unlawful plan, namely, to willfully export, sell, or supply,
7  directly or indirectly, any good, software, technology, or services to the territory of
8  Afghanistan controlled by the Taliban or to the Taliban or to persons associated with the
9  Taliban whose property or interests in property were blocked by regulation;
10 (2) Defendant, knowing the unlawful purpose of the plan, willfully joined in it, and (3)
11 One of the conspirators was a United States person as defined in 31 C F R. § 545 315

12     4      Penalties. Defendant understands that the maximum statutory penalties for
13 the offense charged in the Superseding Information are as follows   Imprisonment for up
14 to ten (10) years, a fine of up to two hundred fifty thousand dollars ($250,000 00), a period
15 of supervision following release from prison of between two (2) and three (3) years, and a
16 one hundred dollar ($100 00) penalty assessment. Defendant agrees that the penalty
17 assessment shall be paid at or before the time of sentencing

18     Defendant understands that supervised release is a period of time following
19 imprisonment during which he will be subject to certain restrictions and requirements
20 imposed by the Court  Defendant further understands that if he violates one or more of the
21 conditions, he could be returned to prison for all or part of the term of supervised release
22 that was originally imposed

23     5      Rights Waived by Pleading Guilty. Defendant represents to the Court that
24 he is satisfied with the representation provided by his attorneys  Defendant understands
25 that, by pleading guilty, he knowingly and voluntarily waives the following rights:

26          a      The right to plead not guilty, and to persist in a plea of not guilty,
27          b      The right to a speedy and public trial before a jury of Defendant's
28 peers,

PLEA AGREEMENT/
UJAAMA - 2

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1          c       The right to the effective assistance of counsel at trial, including, if

2  Defendant could not afford an attorney, the right to have the Court appoint one for

3  Defendant,

4          d       The right to be presumed innocent until guilt has been established at

5  trial, beyond a reasonable doubt,

6               e       The right to confront and cross-examine witnesses against Defendant;

7               f       The right to compel or subpoena witnesses to appear on Defendant's

8  behalf;

9               g       The right to testify or to remain silent at trial, which such silence

10  could not be used against Defendant, and

11               h.      The right to appeal a finding of guilt or any pretrial rulings

12       6      Statement of Facts    The parties agree on the following facts in support of

13  Defendant's guilty plea and for purposes of calculating the Sentencing Guidelines.  These

14  are not necessarily all of the facts known to the Government or Defendant

15       a      The parties agree that on July 4, 1999, President Clinton issued Executive
16              Order 13129, which prohibited United States persons from, among other
                things, making or receiving any contribution of funds, goods, or services to
                or for the benefit of the Taliban, and from supplying, directly or indirectly,
17              any goods, software, technology, or services to the Taliban or to the territory
                of Afghanistan controlled by the Taliban.  That prohibition was continued in
18              subsequent years and was in effect at all times relevant to the Superseding
                Information.  At all times relevant to the Superseding Information,
19              UJAAMA was a United States citizen and therefore a United States person
                as defined in 31 C.F R  § 545 315   UJAAMA traveled using a United States
20              passport.

21       b      Beginning in or about the Spring of 2000, and continuing through September
22              2001, UJAAMA, using the name Abu Samaya, designed and otherwise
                participated in the operation of the Supporters of Shariah (SOS) website.
                UJAAMA posted information on the SOS website regarding Taliban-
23              sponsored and other schools, and urged others to donate money, goods, and
                services to Taliban-sponsored programs and to charitable programs in the
24              territory of Afghanistan controlled by the Taliban

25       c      In or about November and December of 2000, unindicted coconspirator #1
26              arranged for and otherwise assisted unindicted coconspirator #2, a person
                desiring to undergo violent jihad training, in traveling from London, England
                to Afghanistan to attend violent jihad training camps   At the direction of
27              coconspirator #1, UJAAMA traveled with coconspirator #2 from London to
                Pakistan, and thereafter facilitated coconspirator #2's travel to the training
28              camps in Afghanistan   UJAAMA was aware that this was the purpose of

1             coconspirator #2's travel  The Government's evidence would show that the training camps were affiliated with and used by Al Qaeda

2

3       d      During this same trip, at the direction of coconspirator #1, UJAAMA delivered currency and other items to persons in the territory of Afghanistan controlled by the Taliban.  UJAAMA entered Afghanistan with the

4             assistance of Taliban officials and installed software programs that he had brought with him on computers belonging to Taliban officials

5

6       e.      In early September 2001, at the direction of coconspirator #1, UJAAMA transported currency from London to Pakistan with the intent of delivering it to persons in the territory of Afghanistan controlled by the Taliban, but was

7             unable to cross the border into Afghanistan because of the local response to the attacks against the United States on September 11, 2001

8

9       f      On September 5, 2001, UJAAMA was questioned by officials at Heathrow International Airport in London concerning the purposes of his planned travel to Pakistan.  UJAAMA told the officials that he intended to deliver

10             computer equipment and money to persons in Afghanistan for use in establishing a Taliban-supported school.  UJAAMA also told the officials

11             that he was planning to acquire a visa to Afghanistan and that, if he were denied a visa, he would cross the border into Afghanistan anyway

12

13       7.  Terms of this Plea Agreement

14       This Plea Agreement is entered pursuant to Rule 11(c)(1)(C) of the Federal Rules

15 of Criminal Procedure  This means that the terms of this agreement will be binding upon

16 the Court if the Court accepts the Plea Agreement

17       8  Cooperation and Continued Acceptance of Responsibility

18             a.      Defendant shall continue to accept responsibility for his criminal

19 conduct.

20             b      Defendant shall cooperate completely and truthfully with the

21 Government in the investigation and prosecution of other individuals involved in criminal

22 and terrorist activity, including being debriefed and providing truthful testimony at any

23 proceeding resulting from or related to his cooperation, including grand juries, hearings,

24 trials, and military commissions  Defendant shall provide complete and truthful

25 information at all times during his cooperation, including during debriefings and

26 testimony  Defendant also agrees to disclose the existence of and to make reasonable

27 efforts to produce to the Government any and all documents, records, and other items of

28 evidentiary value that are in his actual or constructive possession  This Plea Agreement is

PLEA AGREEMENT/
UJAAMA - 4

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE  WASHINGTON 98101-3903
(206) 553-7970

1  not conditioned upon the result of any investigation or the outcome of any trial as to which
2  Defendant may cooperate, or on whether the information provided by Defendant helps or
3  hurts the Government's position

4          c.      Defendant's complete and truthful cooperation shall be provided to
5  all federal, state, and local law enforcement, intelligence, military, and other authorities
6  designated by the Government, at any location within the United States and at the
7  Guantanamo Naval Station, Guantanamo Bay, Cuba. Defendant will be required to
8  provide information to foreign government authorities only if the foreign government first
9  agrees that it will not prosecute Defendant for any conduct related to the subject matter on
10  which he provides information  The Government will designate a specific Assistant
11  United States Attorney for the Western District of Washington and/or a specific Trial
12  Attorney for the Criminal Division, United States Department of Justice, through which
13  requests for Defendant's cooperation will be coordinated and communicated to Defendant
14  and his counsel. Defendant agrees that he will not engage in any investigation or
15  cooperation that is not specifically authorized by the Government.

16          d       Defendant understands that his obligation to cooperate will continue
17  after he is sentenced and after he is released from custody for a period of at least six (6)
18  years after entry of his guilty plea  At the conclusion of the six (6) year period, if the
19  Government in its sole discretion decides that an additional period of cooperation is
20  necessary, the Government may the extend the period of cooperation for an additional one
21  (1) year upon written notice to Defendant, his counsel, and the Court  The Government
22  may unilaterally extend the period of cooperation annually in the same manner, up to a
23  maximum total of ten (10) years after entry of his guilty plea.

24          e  During the period of cooperation, Defendant will make himself available
25  for debriefings as needed by the Government, and his presence may be secured for
26  testimony through service of a subpoena or court order on Defendant or his counsel and
27  payment of standard witness fees and expenses. After the expiration of the period of
28  cooperation designated above, Defendant's cooperation may be secured in the same

PLEA AGREEMENT/
UJAAMA - 5

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  manner as any other witness.

2          f       To protect the integrity of investigations, prosecutions, and
3  intelligence activities, Defendant agrees that he will not communicate, directly or through
4  intermediaries, any information he has about his own or other persons' involvement in
5  criminal and terrorist activity to anyone other than   (1) in testimony during proceedings
6  resulting from or related to his cooperation; (2) in debriefings by authorities designated by
7  the Government, (3) to his counsel and their authorized agents; (4) if his counsel so
8  authorizes, to counsel for persons about whom he has provided information, and (5) as
9  otherwise authorized in advance by the Government   Upon entry of Defendant's guilty
10  plea and pursuant to his full compliance with this and other terms of this Plea Agreement,
11  the Government will vacate the Special Administrative Measures (SAM) previously
12  imposed upon Defendant   The parties will also move the Court to vacate the related
13  Protective Order dated December 12, 2002.

14          g       Defendant agrees not to object to any requests by the Government for
15  continuances of his sentencing date up to 10 months after entry of his guilty plea

16          h       Defendant agrees not to object to the Government's request that the
17  Court place under seal all or part of this Plea Agreement and other relevant proceedings
18  and documents in this matter

19          i       The Government agrees that any information provided by Defendant
20  in connection with this Plea Agreement shall not be used to determine his sentence, except
21  to the extent permitted by Section 1B1 8 of the Sentencing Guidelines.

22          j.      If during his cooperation Defendant commits the offenses of perjury,
23  making a false statement, or obstruction of justice, then, in addition to any remedies the
24  Government may have under paragraph 15 below, the Government may prosecute
25  Defendant for such offenses and all information he has provided may be used against him
26  in such a prosecution

27  //

28  //

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE  WASHINGTON 98101-3903
(206) 553-7970

1       9     <u>Sentencing Agreement</u>

2           a  The Government and Defendant agree to the following applications of the
3 United States Sentencing Guidelines. (i) The applicable offense guideline is Section
4 2M5.1(a)(2); (ii) the adjustment in Section 3A1.4 applies; and (iii) the adjustment in
5 Section 3E1.1 applies

6           b.     If Defendant fully complies with all of the terms and conditions of
7 this Plea Agreement, including but not limited to his obligation to continue to provide
8 complete and truthful cooperation, then based upon the substantial assistance he has
9 provided in this case and in related investigations, and pursuant to U.S.S G Section 5K1 1,
10 the Government will file a motion at sentencing recommending that the Court impose the
11 following sentence. (i) twenty-four (24) months in prison, (ii) three (3) years of
12 supervised release, (iii) no fine, and (iv) a one hundred dollar ($100 00) penalty
13 assessment

14           c.     Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal
15 Procedure, the Government and Defendant agree that this specific sentence is the
16 appropriate disposition of the case  This sentencing recommendation and all other terms
17 of this Plea Agreement will be binding upon the Court once the Court accepts the Plea
18 Agreement and grants the Government's motion pursuant to Section 5K1 1  If the
19 Government fails to file a motion pursuant to Section 5K1.1, or if Court informs the
20 parties that it rejects the Plea Agreement, the Court will advise Defendant personally that
21 the Court is not required to follow the Plea Agreement and will give Defendant an
22 opportunity to withdraw his guilty plea  If the guilty plea is not then withdrawn, the Court
23 may dispose of the case less favorably than the Plea Agreement contemplated

24       10   <u>Additional Sentencing Recommendations</u>.

25           a  The Government will recommend that Defendant receive credit for all
26 time he has served in custody from July 22, 2002 through the date of sentencing
27 Defendant understands, however, that the final calculation of his statutory time-served
28 credit will be made by the Bureau of Prisons and cannot be controlled by this Plea

PLEA AGREEMENT/
UJAAMA - 7

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  Agreement

2      b  The Government will not object to Defendant's request to the Court and
3  the Bureau of Prisons (BOP) that he be designated to serve the balance of his prison
4  sentence at a particular BOP facility, if the BOP determines that he is eligible for such a
5  designation  Defendant understands, however, that the final designation decision will be
6  made by the BOP and cannot be controlled by this Plea Agreement

7      c. The Government will recommend that Defendant's conditions of
8  supervised release should not include any occupational restrictions or any limitations upon
9  Defendant's access to computers, computer equipment, and software for personal and
10  occupational use, except that Defendant may be required not to use such occupation or
11  technology to associate or communicate with certain persons.

12      11    Non-Prosecution of Additional Federal Offenses.

13      a.    As part of this Plea Agreement, the Government agrees that it will
14  move to dismiss the counts alleged in the Indictment at the time of sentencing  Defendant
15  agrees and acknowledges that the charges to be dismissed are based on fact and do not
16  provide Defendant with a basis for any future claims as a "prevailing party" under the
17  "Hyde Amendment," Pub L  No. 105-119 (1997)

18      b.    The United States Attorney's Office for the Western District of
19  Washington (hereafter, "the United States Attorney's Office") and the Criminal Division,
20  United States Department of Justice, also agree not to prosecute Defendant for any
21  additional federal criminal offenses based upon the conduct set forth in the Statement of
22  Facts of this Plea Agreement, any related conduct, and/or any other conduct about which
23  Defendant has provided complete and truthful information.  Defendant acknowledges and
24  agrees, however, that the Government may provide the Probation Office and the Court
25  with evidence of all relevant conduct committed by Defendant.

26      12    Enemy ·          ╲       If the Court accepts this Plea Agreement, the
27  United States agrees to forego any right it has to detain Defendant as an enemy combatant
28  based upon the conduct set forth in the Statement of Facts, any related conduct, and/or any

PLEA AGREEMENT/
UJAAMA - 8

1  other conduct about which Defendant has provided complete and truthful information,

2  except as provided in paragraph 15 below.

3      13.

4                              **[REDACTED]**

5

6

7      14    <u>Conditions After Release from Custody</u>  As part of this Plea Agreement,

8  and in addition to any conditions of supervised release imposed by the Court, Defendant

9  agrees to abide by the following conditions for the period of cooperation designated in

10  paragraph 8(d) above·

11          a      Defendant will not commit another federal, state, or local felony

12  offense. Defendant will notify the United States Attorney's Office within 72 hours of

13  being arrested or questioned by any law enforcement officer.

14          b.     Defendant will not own, possess, or have under his control any

15  firearm, dangerous weapon, or destructive device

16          c.     Defendant will not associate or communicate with any person he

17  knows to be a member of a "terrorist organization" or to be involved in a "federal crime of

18  terrorism," as those terms are defined in Title 18, United States Code, Sections

19  2332b(g)(5) and 2339B(g)(6), unless first granted permission to do so by the United States

20  Attorney's Office.

21          d      Defendant will keep the United States Attorney's Office apprised of

22  his current residence, will surrender any passport and not apply for a new passport without

23  the prior written approval of the United States Attorney's Office; and will not leave the

24  continental United States without the prior written approval of the United States

25  Attorney's Office

26  //

27  //

28  //

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1    15.    Revocation of Plea Agreement

2        a.    If Defendant commits a material violation of any of his obligations under
3    this Plea Agreement, including but not limited to his obligations to cooperate and to abide
4    by conditions after release from custody, then the Government may elect to move the
5    District Court to find a material breach of this Plea Agreement  The Government must
6    establish a material breach of the condition set forth in Paragraph 14(a) above beyond a
7    reasonable doubt  The Government and Defendant agree that the preponderance of the
8    evidence standard of proof applies to all other violations of this Plea Agreement

9        b    If the District Court makes a finding of material breach, Defendant agrees
10   that the Government will be released from its commitments under this Plea Agreement
11   Defendant further agrees that the Government may then prosecute Defendant for any and
12   all federal crimes that he has committed, including the charges dismissed pursuant to this
13   Plea Agreement, and upon conviction may recommend to the Court any sentence for such
14   crimes up to and including the maximum sentence.  Defendant expressly waives any
15   statute of limitations defense and any constitutional or statutory speedy trial defense to
16   such a prosecution, except to the extent that such a defense exists as of the date he signs
17   this Plea Agreement  In addition, Defendant agrees that, in any such prosecution, all
18   admissions and other information that he has provided at any time, including all statements
19   he has made and all evidence he has produced during proffers, interviews, testimony, and
20   otherwise, may be used directly and indirectly against him, regardless of any constitutional
21   provision, statute, rule, guideline provision, prior agreement, or other term of this Plea
22   Agreement to the contrary.  In addition, the United States would be free to exercise all
23   rights it may have to detain Defendant as an enemy combatant and similarly to use all
24   evidence against him  Finally, Defendant understands that his violation of the terms of
25   this Plea Agreement would not entitle him to withdraw his guilty plea to the charge in the
26   Superseding Information.

27   //

28   //

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1    16  Waiver of Appeal. Defendant is aware that Title 18, United States Code,

2  Section 3742, gives him the right to appeal the sentence to be imposed, and that other

3  federal statutes give Defendant the right to appeal or collaterally attack other aspects of the

4  conviction. Defendant knowingly and voluntarily agrees to waive the following rights:

5        a      The right, conferred by Title 18, United States Code, Section 3742, to
              appeal the sentence imposed by the Court,

6
7        b      The right to appeal any aspect of Defendant's conviction, including
              any aspect of the charge, any suppression matters, and any other
              pretrial dispositions of motions and other issues; and

8
9        c      The right to bring any collateral attack against Defendant's conviction
              or sentence, except as it may relate to the effectiveness of his legal
              representation or the voluntariness of his plea.

10

11  This waiver does not apply to any appeal or collateral attack of any decision by the Court

12  regarding revocation of this Plea Agreement pursuant to the preceding paragraph

13    17  Voluntariness of Plea   Defendant acknowledges that he has entered into this

14  Plea Agreement freely and voluntarily, and that no threats or promises, other than the

15  promises contained in this Plea Agreement, were made to induce Defendant to enter this

16  plea of guilty

17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

PLEA AGREEMENT/
UJAAMA - 11

18  <u>Completeness of Agreement</u>.  The Government and Defendant acknowledge
that these terms constitute the entire Plea Agreement between the parties

DATED  This _14<u>TH</u>_ day of _____APRIL_____, 2003

_____
EARNEST JAMES UJAAMA
Defendant

_____
PETER OFFENBECHER
Attorney for Defendant

_____
ROBERT S. MAHLER
Attorney for Defendant

_____
ANDREW R. HAMILTON
Assistant United States Attorney

_____
TODD GREENBERG
Assistant United States Attorney

_____
GEORGE Z. TOSCAS
Trial Attorney, Department of Justice

PLEA AGREEMENT/
UJAAMA - 12